## FIFIELD *v.* SPERRY.

Upon the foreclosure of a mortgage by an executor, the land belongs to the parties who would have been entitled to the debt, if paid and not used in administration, subject to the right of the executor to dispose of it in the discharge of his office.

WRIT OF ENTRY. The parties submitted the following statement of facts : On the 27th day of August, 1836, and on the 3d day of April, 1837, Franklin B. Burke, of Cornish, conveyed in mortgage the premises mentioned in the declaration, to Abel Wheeler, of Claremont, to secure the payment of two promissory notes, made payable to the said Abel Wheeler; one for the sum of two hundred and sixty dollars, the other, also, for the sum of two hun-

dred and sixty dollars : that the said Abel Wheeler died on the 23d day of July, 1843 ; said notes, which were then due, being unsatisfied and said mortgage undischarged ; leaving a second wife, Dorcas Wheeler, by whom he had no children ; also leaving heirs by his first wife—Hiram, Susan, Minerva and Catharine C. Wheeler, and the heirs of Lorin Wheeler, a deceased son of the said Abel Wheeler. Said Abel Wheeler, by his last will and testament, bequeathed and devised all his estate, excepting some small legacies, after making provision for his wife, Dorcas Wheeler, to the said heirs of Lorin Wheeler one equal share ; to Susan, wife of Eaton Hicks, one equal share ; and to Catharine C., wife of J. B. Smart, one equal share. And in and by said will he appointed George Bond his sole executor; which will the said executor caused to be duly approved in the probate court for the county of Sullivan, on the 13th day of November, 1843, and took out administration thereon. Appraisers were duly appointed, and on the 23d day of November, 1843, they inventoried and returned said notes, secured by said mortgage, to the said probate court, among the personal property of said Abel Wheeler. The estate of said Abel Wheeler was decreed to be administered as an insolvent estate, when in fact it was solvent, and decrees of distribution of personal property had been made and money paid out by the executor to the legatees accordingly. The widow, on the 27th day of November, 1843, waived the provisions made for her in said will, and claimed her dower and distributive share in the personal estate, which was paid over to her in her lifetime by said executor. The two notes aforesaid, secured by said mortgage, not having been paid to the said Abel Wheeler in his lifetime, nor to the said executor after the death of the said Abel Wheeler, on the 19th day of March, 1844, the said executor entered into and took possession of said mortgaged premises, for the purpose of foreclosing the

equity of redemption, and gave legal notice thereof; which premises, not being redeemed, the title became absolute. The avails of said notes were not wanted for the payment of the debts of said estate. On the 23d day of September, 1846, the said Dorcas Wheeler died intestate, not having parted with her interest, if she had any, in said notes and security in said mortgaged premises; leaving this plaintiff the only heir to her estate. And on the 28th day of September, 1846, this plaintiff was duly appointed administratrix on the said Dorcas Wheeler's estate, which was solvent, no debts existing against the same. On the 31st day of October, 1846, the said Hicks and wife, Smart and wife, and John Chaffin, guardian to the heirs of the said Lorin Wheeler, conveyed all said premises to the defendant, the possession of which this defendant has ever since kept.

If the court shall be of the opinion that the plaintiff is entitled to recover in this action on the foregoing statement of facts, then judgment is to be entered up for one sixth of said mortgaged premises, as set forth in said writ; if not, judgment is to be rendered for the defendant.

It was ordered that the questions arising upon the foregoing case be assigned to this court for determination.

*Leland*, for the plaintiff.

*Snow*, for the defendant.

Woods, J. Abel Wheeler died on the 23d day of July, 1843, the holder of two notes, of two hundred and sixty dollars each, secured by mortgages of the premises in question. To collect the money due upon these notes, and to apply it in the course of administration, was the clear duty of Bond, the executor; who, for this purpose, was clothed with all the powers which belonged to the testator himself. He therefore rightfully entered upon the land, by virtue of the mortgages, for the purpose of

enforcing the payment of the money; or, if not paid, of effecting a foreclosure. The money was not paid, and, of course, the right of the mortgagor in the land became foreclosed. *Bickford* v. *Daniels*, 2 N. H. 71; *Gibson* v. *Bailey*, 9 N. H. 168.

In the last named case it is treated as an open question, whether the property, when the mortgage is foreclosed, is to be distributed as personal estate; and whether, if the administrator does not sell, it is to be treated as if the absolute fee had vested in the testator at the date of the mortgage, so that a widow would be entitled to dower only.

The statute which provides for the disposition of land which the administrator purchases in satisfaction of a debt, or takes by a set-off upon execution, (Rev. Stat., ch. 160, sec. 13) is silent as regards land of which mortgage has been made to the deceased, and foreclosed by his personal representative.

But we think that there are general principles of law, well settled in this State, which furnish a satisfactory solution of the question suggested in the case referred to, and directly arising in the one before us.

The interest of a mortgagee in the land is merely accessory to the debt, and follows it into whose hands soever it may pass by the act of the parties or operation of law; and an assignment of the debt is, *ipso facto*, an assignment of the mortgage also; and that, too, not as a mere trust, to be executed by a stranger, but specifically, and in a manner and to such effect as to enable such assignee to maintain an action in his own name to get possession of the land. *Southerin* v. *Mendum*, 5 N. H. 420; *Rigney* v. *Lovejoy*, 13 N. H. 247. In the last named case the debt assigned was not negotiable, and the assignee could have maintained no action upon it, except in the name of the original creditor; yet for the land it was held that he could sue in his own name. There are many cases to the point that land mortgaged to secure a debt is a mere

chattel in the hands of the creditor, and an appendage to the debt.

The conclusion, therefore, is a very plain one, in the first place, that the nature and quality of the debt, in the hands of the executor as assets, or as distributable estate, are in no wise affected by the fact that it is secured by a mortgage of land. It is not the less liable to be used ·by him for the payment of the debts of the deceased; and in case it is not used for such a purpose, it is subject to precisely the same rules of distribution which relate to debts not attended by this high security.

In the second place, it seems clear that the parties entitled to the debt are equally, and in the same manner and degree, entitled to the land taken in payment by the process of foreclosure.

To decide, then, whose is the land, upon the executor's foreclosure of the mortgage, we have only to inquire whose was the debt, or whose would the money have been if paid to the executor, and not used in administration? for so long as the fund, whether money or land, is not so used, the foreclosure does not change the rights of any of the parties.

By chapter 165, section 13, of the Revised Statutes, the widow of any testator deceased, leaving lineal descendants, if there is no settlement, nor any provision made for her in his will, or if she shall waive such provision, shall be entitled, in addition to her dower, to a portion of the personal estate, equal to that which a child would receive if such estate were equally shared between the widow and the children then surviving or leaving issue, and not exceeding in any case one third of the estate.

Upon the waiver, then, by the widow, of the provision made for her in her husband's will, she became entitled, in common with the children surviving, and the heirs, by representation, of the child deceased, to one sixth part of the residuum of the personal property of the testator.

Of this residuum was the debt in question, and consequently she shared in the same proportion in the land which was taken in payment of it, by the foreclosure of the mortgage.

The plaintiff is heir of the widow so entitled, and can of course maintain this action for the recovery of so much land as belonged to her. There must, therefore, upon the case stated, be

*Judgment for the plaintiff.*